## Cuniffe's. Ex'x v. Johnson.

Sept. 26, 1939.

William H. Field, Judge.

Vincent J. Hargadon and Wilbur O. Fields for appellant.

Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On the night of November 8, 1937, J. L. Cuniffe, while attempting to cross Baxter avenue at its intersec- struck by an automobile being driven in a southerly direction on Baxter avenue by Earl W. Johnson. He sustained injuries from which he died on November 10, 1937. He was 59 years old and unmarried. His sister, Fannie Cuniffe, qualified as executrix, and brought this action against Johnson to recover damages for the death of her brother. On the trial of the case, the jury returned a verdict in favor of the plaintiff for $500 and she has appealed. As grounds for a reversal of the judgment, it is urged that the amount of recovery is

grossly inadequate, the instructions are erroneous, and competent evidence offered by the plaintiff was rejected.

It was raining when the accident happened, and, according to plaintiff's proof, Cuniffe stepped from the sidewalk and started to cross Baxter avenue when appellee's automobile was about 100 feet north of the intersection. Cuniffe was walking, and carried an umbrella over his head. Johnson's car was traveling at a speed of about 35 miles an hour, and struck Cuniffe as he reached the center of the southbound car track. Johnson applied his brakes about 25 feet from the deceased. Johnson testified that as he approached the intersection of Baxter avenue and Payne street his automobile was traveling at a speed of 20 to 25 miles an hour, and the head-lights were burning. When sixty or seventy feet from the intersection, he saw a man standing on the sidewalk with an umbrella over his head. When the automobile was a few feet from the cross-walk, Cuniffe suddenly left the sidewalk and ran across the street with the umbrella pulled down over his head. Johnson applied the brakes and tried to swerve the car, but was unable to avoid striking Cuniffe. The automobile ran about two feet after striking the deceased. In order to show that Cuniffe could not have run across the street as claimed by the appellee, the appellant introduced in rebuttal Dr. E. F. Katzman, who testified that he treated Cuniffe for about two years for chronic rheumatism, and had examined him on November 6, 1937, two days before the accident. At that time the joints of his feet were stiff and swollen, and he could hardly walk. He also had some swelling in his wrists. He had multiple arthritis that affected his knees, hips, shoulders, and elbows, but most of the swelling, when he was examined on November 6, was in his wrists and ankles. Dr. Katzman testified that multiple arthritis is a condition that grows progressively worse. He stated that Cuniffe "would have acute exacerbations and temperature, and would have to go to bed." The appellant introduced the life expectancy table which showed that a male person 59 years of age has an expectancy of 16.04 years. The deceased was an employee of the Louisville & Nashville Railroad Company and earned $8.02 a day, or an average of $200 a month. It is appellant's contention that under this evidence the damages awarded are inadequate and must have been given under the influence of passion or prejudice.

Prior to 1936, Section 341 of the Civil Code of Practice prohibited the granting of a new trial on account of smallness of damages in an action for an injury to the person where the amount of damages assessed equaled the actual pecuniary injuries sustained. Section 341 of the Civil Code was repealed by Chapter 27 of the Acts of 1936, and Section 340 of the Civil Code of Practice was amended so as to provide for the granting of a new trial for the following cause among others:

"Excessive or inadequate damages, appearing to have been given, under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court."

Appellant cites and relies upon the case of Drury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969, 974, 88 A. L. R. 917, decided prior to the repeal of Section 341 of the Civil Code of Practice, wherein the court said:

"Unless Section 341 of the Code deprives the court of the power to reverse a judgment on account of the smallness of damages allowed, the court would not hesitate to reverse the judgments under consideration on the ground that the verdicts do not afford the plaintiffs adequate compensation"

That was a case, however, where the plaintiffs sought compensation for the pain and suffering they endured, and for the permanent injuries they received. Damages in such cases are more easily ascertained and are more obvious than in a death case. The court properly instructed the jury on the measure of damages; that is, that if they found for the plaintiff they should find in such sum as they might believe from the evidence would fairly and reasonably compensate the decedent's estate for the destruction of his power to earn money. Necessarily, such damages are speculative. They depend on many unpredictable factors such as the length of time the decedent would have lived but for the accident, the probable condition of his health thereafter and his ability to work, retention of his employment, amount of his earnings, and amount saved out of his earnings. Many contingencies must be considered, and the jury has a wide field to explore in reaching its verdict. In a case of this kind it is impossible to say with any reasonable degree of certainty what the injury to the estate was. The answer rests on probabilities, and, at best, is a matter of conjecture. It may have been much or

little, according to the sequence of events, if the decedent had not been killed, which are unforeseeable. The jury had before it the decedent's age, the probable duration of his life according to the mortality tables, the condition of his health, the amount of his earnings, and other data to assist them in approximating the loss to his estate by reason of his death. In Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. (2d) 772, 775, the facts were strikingly similar to the facts in the present case, and this court refused to reverse a judgment for $500 in a death case because the damages were inadequate. There the administrator of Richard F. Wilkins recovered a judgment in the sum of $500 for the death of his intestate. Wilkins was older than the decedent in this case and his earnings less, but the principles involved in the two cases are the same. After reviewing a number of cases, it was said in the opinion in the Wilkins case:

"As indicated, the jury reached the conclusion that the amount of the damages resulting to his estate because of his death was $500. It must be borne in mind that the jury was not called upon to place a money value upon a human life, as such, which, obviously, cannot be measured in dollars and cents; but rather its duty was to fix the loss to the estate of the deceased because of the permanent reduction of his power to earn money. In other words, the question was, What was a reasonable estimate of the financial benefit that might have accrued to his estate had Wilkins lived out his natural life? While the amount awarded is small, and probably less than we would have fixed had we been sitting as the jury, we are not prepared to say that it is so grossly inadequate as to shock our conscience at first blush as being the result of passion, prejudice, corruption or mistake."

That case is controlling here.

Appellant complains because the court gave an instruction on sudden appearance, but this instruction, even if erroneously given, was not prejudicial, since the jury, in returning a verdict for the plaintiff, necessarily ignored it. It had no bearing on the amount of damages, and could not have influenced the jury in that respect.

Appellant also complains because the court refused to permit her to introduce in evidence that part of the

death certificate which showed the nature and extent of the decedent's injuries. The court did admit that part of the death certificate which showed that Cuniffe's death resulted from the injuries sustained by him when he was struck by appellee's automobile. The nature of the injuries, as shown by the death certificate, had no bearing on the amount of damages, and the refusal of the court to permit that part of the certificate to be introduced in evidence was not prejudicial.

The judgment is affirmed.