

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 17 1948

Hon. Jack Ross
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. V-743

Re: The legality of one
person being simul-
taneously the County
Treasurer and a part-
time accountant in
the office of the
County Auditor.

Dear Sir:

Reference is made to your recent request which
reads, in part, as follows:

"Mrs. Helen Singleton is the duly elec-
ted, qualified and acting County Treasurer
of Hidalgo County, Texas. On January 13,
1948, the two district judges of this coun-
ty entered the following order:

"'ORDER NAMING ASSISTANT AND ACCOUN-
TANTS, AND PROVIDING SALARIES THERE-
FOR FOR COUNTY AUDITOR, HIDALGO COUN-
TY, TEXAS

"'On this day came on to be considered
the matter of appointing Assistant and Ac-
countants to the County Auditor, and it ap-
pearing that proper application has been
made for the approval of salaries to be
paid said assistant and accountants in said
office;

"'It is, therefore, Ordered, Adjudged
and Decreed that Mrs. Bess Williamson be,
and she is hereby appointed Assistant Coun-
ty Auditor, and that the salary of the said
Mrs. Bess Williamson be Two Hundred Dollars
($200.00) per month, effective January 1
1948.

"'And that S. J. Cardenas be and he is

hereby appointed Accountant, and that the salary of the said S. J. Cardenas be, and is hereby set at Two Hundred and Twenty-five Dollars ($225.00) per month, effective January 1, 1948.

"'And that Mrs. Helen Singleton be, and she is hereby appointed a part time Accountant in the County Auditor's Office of Hidalgo County, Texas, and that the salary of the said Mrs. Helen Singleton be, and is hereby set at Fifty Dollars ($50.00) per month, effective January 1, 1948.

"'It is further ordered that this order be spread upon the minutes of the District Courts of Hidalgo, Texas, and that a certified copy hereof be furnished the Commissioner's Court of Hidalgo County, Texas.

"'This 13th day of January, A. D. 1948.

> BRYCE FERGUSON
> Bryce Ferguson, Judge
> of the 92nd Dis.Ct.
>
> W.R.BLALOCK
> W.R.Blalock Judge of
> the 93rd Dis.Ct.'

"A certified copy of such order was furnished the Commissioners Court of this county and an order passed by the Commissioners Court in compliance therewith. Payments have been made to Mrs. Singleton as directed in said order.

"You will note that that portion of the order having to do with Mrs. Helen Singleton (Par. 4), shows an appointment as 'part time accountant', and not as an assistant or deputy...

"No oath of office was required of Mrs. Singleton nor was she required to give bond in connection with her service as part time assistant in the office of County Auditor, which course of action was based upon the

decision of the County Auditor that she was acting only as clerical help and not as an assistant or deputy county auditor. I, therefore, respectfully ask for your opinion on the following question:

"Question No. One:

"'May the County Auditor and District Judges lawfully appoint an accountant or other clerical help to perform duties in the office of the County Auditor without such accountant or other clerical help being designated an assistant or deputy county auditor?'

"Question No. Two:

"'May an assistant, deputy, accountant or other clerical help hired by the County Auditor, approved by the District Judges and certified to the Commissioners Court be lawfully paid out of county funds when such assistant, deputy, accountant or other clerical help has not taken the oath of office for faithful performance of duties as required by Art. 1650, R.C.S.?'

"Question No. Three:

"'May an assistant, deputy, accountant or other clerical help hired by the County Auditor, approved by the District Judges and certified to the Commissioners Court be lawfully paid out of county funds when such assistant, deputy, accountant or other clerical help has not given a bond?'

"Question No. Four:

"'May a duly elected, qualified and acting County Treasurer serve as such County Treasurer and at the same time serve as an assistant or deputy county auditor, appointed and qualified as provided in Art. 1650 R.C.S., without being in violation of the provisions of Art. 16 Section 40 of the Constitution of the State of Texas?'

"Question No. Five:

"'May the County of Hidalgo, Texas,
lawfully pay the sum of fifty dollars ($50.-
00) per month to Mrs. Helen Singleton, the
duly elected, qualified and acting County
Treasurer of said County, for services as
"part time accountant" in the office of the
County Auditor of said county when such ser-
vices rendered by the said Mrs. Helen Sin-
gleton are not required of her as County
Treasurer and do not interfere with the dis-
charge of those duties imposed upon her by
law as County Treasurer, the said Mrs. Helen
Singleton not having taken an oath of office
for faithful performance of duty in connec-
tion with her services as "part time accoun-
tant" in the office of County Auditor?'

"Question No. Six:

"If ex officio compensation may be
granted by the Commissioners Court for ex
officio services rendered by the County
Treasurer, may payment be made for such
services rendered prior to the date of the
order of the Commissioners Court granting
the same?"

The authority for the appointment of assistant
or deputy auditors is found in Art. 1650, V. C. S., and
is, in part, as follows:

"The County Auditor of any county of
this State may, at any time, with the con-
sent of the District Judge or District
Judges having jurisdiction as hereinafter
provided, appoint a first assistant and
other assistants who shall be authorized
to discharge such duties as may be assign-
ed to them by the County Auditor and pro-
vided for by law. In counties where only
one assistant is appointed, such assistant
shall be authorized to act for the County
Auditor during his absence or unavoidable
detention with respect to such duties as
are required by law of the County Auditor.
In counties in which more than one assis-
tant shall be appointed, the County Audi-

tor may designate the assistant who shall
be authorized to act for him during his
absence or unavoidable detention. All of
said assistants shall take the usual oath
of office for faithful performance of duty
and may be required to give such bond as
the County Auditor may determine, which
bond shall be paid for by the county and
shall run in favor of the county and of the
County Auditor as their interest may appear.

"The County Auditor shall prepare a
list of the number of deputies sought to be
appointed, their duties, qualifications and
experience, and the salaries to be paid each,
and shall certify the list to the District
Judge, or in the event of more than one Dis-
trict Judge in the county, to the District
Judges, and the District Judge or the Dis-
trict Judges, shall then carefully consider
the application for the appointment of said
assistants and may make all necessary in-
quiries concerning the qualifications of
the persons named, the positions sought to
be filled and the reasonableness of the sal-
aries requested, and if, after such consid-
eration, the District Judge, or in the event
of more than one District Judge, a majority
of the District Judges shall approve the ap-
pointments sought to be made or any number
thereof, he or they shall prepare a list of
the appointees so approved and the salaries
to be paid each and certify said list to the
Commissioners Court of said county. The Com-
missioners Court shall thereupon order the
amount paid from the General Fund of said
county upon the performance of the services;
and said Court shall appropriate adequate
funds for the purpose; . . . The County Audi-
tor shall have the right to discontinue the
services of any assistant employed in ac-
cordance with the provisions of this Arti-
cle, but no assistant shall be employed ex-
cept in the manner herein provided. The
District Judge or District Judges giving
consent to the Auditor to appoint an assis-
tant or assistants shall annually have the
right to withdraw such consent, and change
the number of assistants permitted."

We do not believe that the above statute is authority, nor are we able to find any authority, whereby the County Auditor and District Judges may appoint an accountant or clerical help other than assistant or deputy auditors. In the absence of such authority, your first question is answered in the negative.

We believe it is mandatory that the assistant or deputy county auditor take the oath as provided under Article 1650. Even so, in 34 Tex. Jur, 614, we find the following:

"An officer de facto has been broadly defined as one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law also as one who, under color of right, enters into the possession of an office and exercises the functions thereof, or who exercises the duties of the office under color of a known and valid appointment or election, but fails to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like."

In passing upon the question of whether a de facto officer may demand pay for services rendered as such in the case of Uhr v. Brown, 191 S.W. 379, the court said:

"It has been held in this state that a de facto officer can demand pay for his services, and there is much authority to the same effect. We will not concern ourselves with the side issue as to the true rule to apply in such cases, for these men in good faith performed the services for which they were paid by July ordinances, for which Uhr voted, and there were no de jure claimants of the offices and the salary incident thereto, so it clearly appears that they were entitled to receive pay, ..."

In view of the foregoing, it is our opinion that an assistant or deputy county auditor duly appointed by the county auditor and approved by the District Judges may be lawfully paid out of county funds for services rendered even though he has not taken the oath of office as required by Article 1650.

We further believe that the wording of Article 1650 leaves it within the sound discretion of the county auditor as to whether he shall require the assistant or deputy auditor to give a bond. Nevertheless, even if it be mandatory that the assistant or deputy county auditor give bond, the same rule of law as to taking the oath would be applicable as to the giving of a bond. He would be a de facto officer and, therefore, could be lawfully paid out of county funds even though he has not given bond.

Your fourth question as posed is not one without difficulty. We must first determine whether the assistant or deputy county auditor is a public officer in order to properly answer the same since Section 40 of Article XVI of the State Constitution provides that:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument. . ."

Various exceptions immaterial here are provided for in the above section.

Without question, the County Treasurer is a public officer. Now, if the assistant or deputy county auditor is a public officer, then the same person could not legally hold the two offices contemporaneously since it would be in violation of the above quoted constitutional provision.

In the case of American Indemnity Co. v. Red River Nat. Bank, 132 S.W.(2d) 473, by the Court of Civil Appeals (writ of error dismissed) the county auditor was held to be an officer of the county.

In 34 Tex. Jur. 323, we find the criteria for determining whether an employment is a public office as follows:

"'Office' embraces the ideas of tenure, duration, emolument and duties. Among the criteria for determining whether an employment is a public office are the following: the delegation of a portion of the sovereign functions of the government; the requirement of an official oath; that the powers entrusted are conferred by law and not by contract; and the fixing of the duration or term of

office. It is the duty pertaining to the
office and the nature of that duty, and not
the extent of authority which make the in-
cumbent an officer; and one is none the less
an officer because his authority is confined
to narrow limits. . ."

In 22 R. C. L. 381, we find the following:

". . . It may be stated as a gen-
eral rule that a position is a public
office when it is created by law, with
duties cast on the incumbent which in-
volve an exercise of some portion of the
sovereign power and in the performance
of which the public is concerned, and which
also are continuing in their nature and not
occasional or intermittent; while a public
employment on the other hand, is a posi-
tion which lacks one or more of these ele-
ments."

Also, in the case of Commissioners' Court of Limestone
County v. Garrett, 236 S.W. 970, the court, in distin-
guishing an office from an employment, we find the fol-
lowing:

"'The most important characteristic
which distinguishes an office from an em-
ployment or contract is that the creation
and conferring of an office involves a
delegation to the individual of some of the
sovereign functions of government, to be ex-
ercised by him for the benefit of the public;
that some portion of the sovereignty of the
county, either legislative, executive or
judicial, attaches, for the time being, to
be exercised for the public benefit . . .
In distinguishing between an office and an
employment, the fact that the powers in ques-
tion are created and conferred by law is an
important criterion. For, though an em-
ployment may be created by law, it is not
necessarily so, but is often, if not usual-
ly, the creature of contract. A public of-
fice, on the other hand, is never confer-
red by contract, but finds its source and
limitations in some act or expression of
the governmental power. . . Public offi-

cers are usually required by law to take
the oath of office, and this fact goes far
in determining the character of the duty.
But the taking of the oath is not an indis-
pensable criterion, and the office may exist
without it, for, as has been said, the oath
is a mere incident and constitutes no part
of the office. . . If a duty be a continu-
ing one, which is defined by rules prescrib-
ed by the government, and not by contract,
which an individual is appointed by govern-
ment to perform, who enters on the duties
pertaining to his station without any con-
tract defining them, if those duties continue
though the person be changed, it seems very
difficult to distinguish such a charge or
employment from an office or the person who
performs the duties from an officer. . . At
the same time, however, this element of con-
tinuance cannot be considered as indispensa-
ble, for, if the other elements are present,
it can make no difference whether there be
one act or a series of acts to be done, wheth-
er the office expires as soon as the one act
is done, or is to be held for years, or dur-
ing good behavior.' Mechem on Public Offi-
cers, Secs. 4 to 8.

"'Public office is the right, authority,
and duty created and conferred by law by
which, for a given period either fixed by
law or enduring at the pleasure of the creat-
ing power, an individual is invested with
some portion of the sovereign functions of
the government to be exercised by him for the
benefit of the public.' The correctness of
this definition is nowhere questioned, so far
as we know, and it is useless to add support-
ing authorities. Kimbrough v. Barnett, 93
Tex. 310, 55 S.W. 122.

"'A man is not the less a public offi-
cer where his authority is confined to narrow
limits; for it is the duty of his office and
the nature of that duty which make him an of-
ficer, and not the extent of his authority.'
Mechem on Public Officers, Sec. 9."

In the case of Bigham v. State, 148 S.W.(2d)

835, the Court of Criminal Appeals in determining that a deputy supervisor of the oil and gas department of the Railroad Commission was an officer had this to say:

> "It was also held that an assistant director of the Motor Transport Division of the Railroad Commission was either an officer or a de facto officer. Again, we think that Art. 6030, supra, providing for the appointment of a deputy supervisor and prescribing his duties, gives ample grounds for a legal inference that such deputy was an officer in contemplation of this statute. While not a necessary adjunct, nevertheless the fact that a person receives his position by appointment is at least persuasive to some extent that such position is an office; if he receives such merely by employment, the inference might lean toward the fact that he was but an employee. That one is called a deputy carries with it the fact that he is an alter ego for his superior, being charged with all the duties as well as the responsibilities of his superior, and empowered to perform the acts and discharge the duties of such superior, and to that extent becoming the superior officer himself in his superior's absence. If the superior be denominated an officer, then the deputy would also be such an officer."

Applying the standards set out in the foregoing authorities as to whether any public employment amounts to a public office, we find that the assistant or deputy county auditors are created under legislative authority, said assistants or deputies possess a delegation of a portion of the sovereign power of the government of the State to be exercised for the benefit of the public. The duties to be discharged are provided for by law since the statute provides that the assistant or deputy county auditors are authorized to discharge such duties as may be assigned to them by the county auditor and provided for by law. The term "provided for by law" means, of course, those duties which are imposed upon the county auditor by law. The employment is continuing in its nature as the statutes provide that after the list of assistants or deputies have been certified to the Commissioners' Court by the District Judge or District Judges, said court shall appropriate out of the general fund an adequate sum to

pay for the performance of such services by the assistants or deputies. This amount must be set up in the county budget annually.

The District Judge or District Judges giving consent to the auditor to appoint such assistants or deputies shall annually have the right to withdraw such consent. Hence, we believe such assistants or deputies are appointed for a year at least unless they be designated as temporary assistants, which is not the case here.

Further, it will be noted that under Article 1650, supra, the assistant or deputy county auditors are required to take the usual oath of office for faithful performance of such duty, and may be required by the county auditor to give bond.

Since these duties are imposed upon the assistant or deputy county auditors by law and not by contract, and further, since they are required to take the oath of office for faithful performance of such duties as are required by law, and in view of the foregoing, we believe the position of assistant or deputy county auditor comes within the definition of an office and is not merely an employment. This being true, it is our opinion that the same person may not hold the office of County Treasurer and assistant or deputy county auditor simultaneously.

By virtue of the answers to the foregoing questions, it is our opinion that question No. 5 should be answered in the negative.

With reference to question No. 6, Article 3895, V. C. S., which deals with compensation for ex officio services rendered by county officers is applicable to fee counties only.

Moreover, Article 3912e, Section 3, V. C. S., provides, in part, as follows:

"Sec. 3. In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any

of the officers so compensated, any fee or
commission for the performance of any or
all of the duties of their offices but
such officers shall receive said salary
in lieu of all other fees,commissions or
compensation which they would otherwise
be authorized to retain; . . ."

Section 61 of Article XVI of the State Constitution is, in part, as follows:

"All district officers in the State of
Texas and all county officers in counties
having a population of 20,000 or more, according to the then last preceding Federal
Census, shall from the first day of January
and thereafter, and subsequent to the first
Regular or Special Session of the Legislature after the adoption of this Resolution,
be compensated on a salary basis."

Hidalgo County has a population of 106,059 according to the last Federal Census.

Therefore, in view of the foregoing, the County Treasurer of Hidalgo County may not be allowed any ex officio compensation. For this reason the necessity of a further discussion of question No. 6 is obviated.

## SUMMARY

There is no authority whereby the county auditor may appoint an accountant or clerical help other than assistant or deputy county auditors.

An assistant or deputy county auditor duly appointed or so acting is a de facto officer even though he has not taken the oath of office or given bond and may be lawfully paid out of county funds. 34 Tex. Jur. 614; Uhr v. Brown, 191 S.W. 379.

The same person may not hold the office of county treasurer and assistant or deputy county auditor simultaneously. Art. 16, Sec. 40, State Constitution.

The county treasurer in a salary coun-
ty may not be allowed ex officio compensa-
tion by the County Commissioners' Court. Sec.
3, Art. 3912e; Sec. 61 of Art. XVI, State
Constitution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BA:mw:erc:mw

By ~~Bruce Allen~~
Bruce Allen
Assistant

APPROVED:

~~Price Daniel~~
ATTORNEY GENERAL