## Willingham v. Stevens.
## Willingham v. Daviess County Board Of Education.

January 31, 1950.

Sidney B. Neal, Judge.

John B. Anderson and E. B. Anderson for appellant.

William L. Wilson attorney for appellee Daviess County Board of Education.

Hubert Meredith and Davis, Boehl, Viser & Marcus attorneys for the appellee Peggy Elaine Stevens.

JUDGE HELM—Affirming.

On December 4, 1947, about 4 p. m., Barbara Jane Willingham, a little girl seven years of age, alighted from a school bus opposite her home on Highway 60 in Daviess County, passed around behind the bus and started across the highway to her home when she was

struck by an automobile driven by appellee Peggy Elaine Stevens and killed. Carroll G. Willingham, as administrator of the estate of his daughter, Barbara Jane, filed an action in the Daviess Circuit Court against Peggy Elaine Stevens, and the Daviess County Board of Education, alleging that "Barbara Jane Willingham * * * was negligently and unlawfully run over * * * with such violence and force as that said defendants, by and through their joint and concurrent negligence, thereby inflicting injuries * * * upon * * * Barbara Jane Willingham, from which injuries * * * she did then and there die," and seeking damages of $20,000 against Peggy Elaine Stevens, and $5,000 against the Board of Education.

At a trial a jury returned a verdict against Peggy Elaine Stevens in the sum of $1,000, and against the Board of Education in the sum of $250. Appellant appealed from the judgment against appellee Peggy Elaine Stevens, and the judgment against the Board of Education. Motion in this court to consolidate and try these cases together was sustained.

Appellant assigns as errors: (1) The trial court erred in refusing to grant appellant a new trial because of the gross inadequacy of the jury's verdict of $250 against appellee Board of Education, and $1,000 against appellee Peggy Elaine Stevens in favor of appellant; (2) the trial court erred in refusing to allow the testimony of appellant's witness, Ben S. McCormick, to go to the jury; and (3) the trial court erred in giving Instruction No. 2, and in refusing to give appellant's Instruction B.

The father and mother of Barbara Jane testified that she was seven years of age; that the family lived on the south side of U. S. Highway 60 in Daviess County, Kentucky, approximately 200 yards from the Henderson County line; that Barbara Jane was normal in mind and body; that she was in the first grade at the Stanley consolidated school, some miles east of their home.

It was shown that the school bus traveled two routes; that sometimes it would come west on Highway 60, a concrete road, and stop opposite the Willingham home and let the children off; usually, it would take an-

other route by the Laketown road and would be going east on Highway 60 and would stop on the south side of the highway to let the Willingham children off. When the school bus stopped opposite the Willingham home, the driver of the bus saw two cars coming east on the highway. He put out his "stop" sign, but the first car went by without stopping. He pulled in the sign and then put it out again for the second car. In the meantime, William Gilbert Commor, 12 years of age, used the lever to open the bus door. Barbara Jane, who was standing near the front, passed by the driver and stepped down out of the bus. Three of her brothers— the oldest, Dale, who was 16 and a high school student— were on the bus with her. Dale, who got off behind Barbara Jane, followed her around the bus and attempted to catch her when he saw that she was starting to cross the highway.

Appellee, Peggy Elaine Stevens, says that she was driving about 45 miles per hour; that she was watching the car ahead of her and did not see or notice the bus until she was up about even with it; that the little girl, Barbara Jane, ran out in front of her; that she struck her with her car without slackening her speed or putting on the brakes; that she did not see her until immediately before she struck her. It was shown that Barbara Jane was knocked about 210 feet along and to the left side of the highway; that appellee's car traveled about 240 feet after the impact, stopping on the right side of the road.

From an avowal it appears that appellee, charged with killing Barbara Jane, had plead guilty to a charge of involuntary manslaughter and paid a fine of $500. Appellant insists that, in accordance with this court's opinion in Wolff et al. v. Employers Fire Ins. Co., 282 Ky. 824, 140 S. W. 2d 640, 130 A. L. R. 682, this evidence should have gone to the jury. The record shows that the driver of the bus and appellee and other witnesses testified in detail as to the facts and circumstances of this accident. The rejection of that evidence was not prejudicial.

We have examined the instructions referred to by appellant and find that the instructions given were substantially correct.

By Civil Code of Practice, Section 340, it is provid-

ed that a verdict or decision may be vacated and a new trial granted "on the application of the party aggrieved, for any of the following causes affecting materially his substantial rights. * * * (4) Excessive or inadequate damages, appearing to have been given, under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court. * * *"

$1,250, the amount allowed here, is obviously very small. But, as we pointed out in Wilkins v. Hopkins, 278 Ky. 280, 128 S. W. 2d 772, 774,

"* * * This Court has always been reluctant to disturb a jury verdict. In few states is the determination of damages left to the jury to the extent that it is in Kentucky. It is pointed out in McCormick on Damages (1935) Note 32, beginning on page 362, that: 'Among the few states in which the matter of damages is left to the jury generally, with no elaboration of doctrine, are Kentucky, Virginia, and West Virginia. West Kentucky Coal Co. v. Shoulders' Adm'r, 1930, 234 Ky. 427, 436, 28 S. W. 2d 479, ("this court has held repeatedly that the jury should be instructed only to the effect that the measure of damages in a death case is such sum as will reasonably compensate the estate of the decedent for the destruction of his power to earn money * * *").' * * *

"The record shows that the deceased, Richard F. Wilkins, Sr., was 76 years of age at the time of his fatal injury. * * *

"* * * the jury reached the conclusion that the amount of the damages resulting to his estate because of his death was $500. It must be borne in mind that the jury was not called upon to place a money value upon a human life, as such, which, obviously, cannot be measured in dollars and cents; but rather its duty was to fix the loss to the estate of the deceased because of the permanent reduction of his power to earn money. In other words, the question was, What was a reasonable estimate of the financial benefit that might have accrued to his estate had Wilkins lived out his natural life? While the amount awarded is small, and probably less than we would have fixed had we been sitting as the jury, we are not prepared to say that it is so grossly inadequate as to shock our conscience at first blush as

being the result of passion, prejudice, corruption or mistake."

In Cuniffe's Ex'x v. Johnson, 279 Ky. 663, 132 S. W. 2d 47, 48, we cited the Wilkins case with approval. In the Cuniffe case we said:

"* * * Necessarily, such damages are speculative. They depend on many unpredictable factors such as the length of time the decedent would have lived but for the accident, the probable condition of his health thereafter and his ability to work, retention of his employment, amount of his earnings, and amount saved out of his earnings. Many contingencies must be considered, and the jury has a wide field to explore in reaching its verdict. In a case of this kind it is impossible to say with any reasonable degree of certainty what the injury to the estate was. The answer rests on probabilities, and, at best, is a matter of conjecture. It may have been much or little, according to the sequence of events, if the decedent had not been killed, which are unforeseeable. * * *"

The Wilkins and Cuniffe cases are controlling here.

The judgment is affirmed.