**TINSLEY'S ADM'R v. SLATE et al.**

Court of Appeals of Kentucky.
Oct. 10, 1952.

August Winkenhofer, Jr., Bowling Green, for appellant.

Coleman, Harlin & Orendorf, William H. Natcher, Bowling Green, for appellees.

CULLEN, Commissioner.

Shortly before 8 a. m., on April 25, 1950, a Cadillac automobile driven by the appellee Margaret Slate, and owned by the appellee Mark D. Amsdell, collided with a taxicab driven by the appellee Veachel Wheat and owned by the appellee Yellow Cab Company, at the intersection of Park and Eleventh Streets in the City of Bowling Green. At the moment of the collision, Richard Wade Tinsley, a 13-year-old boy, was riding his bicycle through the intersection, parallel with and immediately to the right of the taxicab. The rear end of the taxicab was knocked against the boy on the bicycle, and he was thrown from the bicycle against a fireplug at the curb, resulting in his death.

The administrator of the boy's estate sued Mrs. Slate, Mr. Amsdell, Mr. Wheat and the taxicab company. A directed verdict was granted in favor of Mr. Amsdell, on the ground that there was no proof of an agency relationship between him and Mrs. Slate, and no question has been raised

on this appeal as to the correctness of that ruling. The jury returned a verdict in favor of the plaintiff, and against the defendant Mrs. Slate, for $10,000 plus funeral expenses. The verdict denied recovery against the defendants Wheat and the taxicab company. The administrator appeals.

As concerns the appellee Mrs. Slate, the administrator contends that the damages were inadequate. We will consider this question first.

The boy, Richard Wade Tinsley, was survived by his father and mother, and a brother four years of age. The only evidence bearing on the question of damages is that Richard was 13 years old; he was in the seventh grade in school; his grades throughout his school years had averaged A and B; and he was active in sports, church affairs and the Boy Scouts' program.

In Cuniffe's Ex'x v. Johnson, 279 Ky. 663, 132 S.W.2d 47, we pointed out the jury necessarily must be accorded a wide latitude in fixing damages for wrongful death, because of the many unpredictable factors, contingencies and unforeseeable circumstances which render the damages speculative and conjectural. In Willingham v. Stevens, 312 Ky. 124, 226 S.W.2d 770, decided in 1950, we held that an award of only $1,250 for the death of a seven-year-old girl was not so inadequate as to require a new trial. There is no basis upon which we can say that the award of $10,-000 in the case now before us is inadequate.

As concerns the appellees Wheat and the taxicab company, it is the appellant's contention that he was erroneously deprived of a verdict and judgment against them; first, by failure of the court to direct a verdict against them; and, second, by errors with respect to the admission of evidence, the instructions, and the manner and form in which the verdict was returned. Consideration of these contentions requires a brief review of the evidence.

Eleventh Street is a main artery, running east and west, 35.8 feet in width. Park Street is a secondary street, running

north and south, 29.8 feet in width, and at the intersection with Eleventh Street there are stop signs on Park Street.

Richard Tinsley was riding his bicycle in a westerly direction on Eleventh Street, close to the north curb. At a point 223 feet east of the intersection, he was approximately 75 feet in front of the taxicab, which was approaching from behind him. As they approached the intersection, the taxicab gradually overtook the boy, and when they entered the intersection they were substantially side by side. At a point about two-thirds of the way across the intersection, where the collision occurred, the front of the taxicab apparently was a little ahead of the front of the bicycle.

Mrs. Slate, driving the Cadillac north on Park Street, failed to stop for the stop sign, and ran into the left rear of the taxicab, knocking the taxicab against the boy on the bicycle. She testified that as she approached the intersection, she slowed almost to a stop, and applied the brake to come to a stop, but her foot slipped from the brake and she "eased" into Eleventh Street at about 10 miles per hour. Another witness testified that the Cadillac came into the intersection at a speed of 30 to 35 miles per hour.

The evidence was conclusive that the taxicab at no time crossed to the left of the center line of Eleventh Street.

An automobile driven by a Mrs. Jones was approaching the intersection from the west, on the south side of Eleventh Street, and at the time of the collision was some 15 or 20 feet west of the intersection. The significance attached to the presence of this automobile will later appear.

The taxicab driver testified that he did not at any time prior to the collision see the boy on the bicycle.

The appellant claims that he was entitled to a directed verdict as against the taxicab driver and owner because the driver was negligent as a matter of law in driving at an excessive rate of speed, in failing to see the boy, and in violating various statutes. The statutes claimed to be violated are: KRS 189.300, requiring the driver of a vehicle to travel on the right side of the highway unless the left side is clear of traffic for at least 150 feet (Mrs. Jones' automobile was on the left side within 150 feet); KRS 189.340(1), requiring the horn to be sounded when passing another vehicle from the rear; KRS 189.340 (3), prohibiting a vehicle from being driven to the left of the center of the highway, in passing, unless the left side is free of on-coming traffic for a safe distance (again referring to Mrs. Jones' automobile); KRS 189.340(4) (b), forbidding the driving of a vehicle to the left side of the highway when within 100 feet of or traversing an intersection; and KRS 189.310(1), providing that when two vehicles are passing or about to pass in opposite directions, no vehicle to the rear of those two vehicles shall attempt to pass either of them (Mrs. Jones' automobile and the bicycle were about to pass in opposite directions).

As concerns KRS 189.300, 189.340(3) and 189.340(4)(b), the appellant's contention fails because there was no evidence that the taxicab was at any time driven to the left of the center of the street. As concerns KRS 189.340(1), there was no evidence that the taxicab driver did not sound his horn. As concerns KRS 189.310 (1), there possibly may be some basis for the claim that the taxicab violated the statute in passing the bicycle when the bicycle and Mrs. Jones' automobile were about to pass in opposite directions. However, it is exceedingly doubtful whether this statute was intended to apply to an automobile passing a bicycle, or to apply to any vehicle passing another on a wide street where the passing could be accomplished without crossing over into the left lane of traffic.

Even if it be assumed that the taxicab did violate the statute last mentioned, KRS 189.310(1), and also violated KRS 189.340(1) by failure to sound the horn, it certainly could not be said as a matter of law that these violations were a proximate cause of the accident, which it would be necessary to say in order for the plaintiff to be entitled to a directed verdict. This is not a case where the accident that occurred was clearly the kind of accident that the statute was designed to prevent.

See Saddler v. Parham, Ky., 249 S.W.2d 945. On the contrary, it is difficult to see how the claimed violations of the statutes had anything to do with the accident.

The plaintiff was not entitled to a directed verdict by reason of the alleged negligence of the taxicab driver with respect to speed and lookout, because, again, it can not be said as a matter of law that the negligence was a proximate cause of the accident.

■ The appellant complains of failure of the court to give certain instructions offered by him. These instructions embodied the alleged duties of the taxicab driver under the statutes hereinbefore discussed. As previously pointed out, there was no basis for an instruction under KRS 189.300, 189.340(3) or 189.340(4) (b). With respect to sounding the horn, KRS 189.-340(1), and with respect to passing a vehicle when it is about to pass another vehicle going in the opposite direction, KRS 189.310(1), we are of the opinion that no prejudicial error was committed in failure to instruct as to the statutory duties; first, because it is doubtful whether either of the statutes was violated; and, second, because any causal connection between the violations and the accident was so remote as to be almost nonexistent.

■ It is contended that the court's instruction on right of way was erroneous and misleading because it dealt only with the right of way as between the taxicab and the Cadillac, and did not cover the right of way as between the taxicab and the bicycle. We do not see how the question of right of way as between the taxicab and the bicycle has anything to do with the case.

■ In the first paragraph of Instruction No. 3, the court authorized a recovery against both drivers if the jury believed that both were negligent and that their negligence operated jointly, concurrently and proximately to bring about the accident. In the second paragraph, the court instructed that if, however, the jury believed that the accident was caused directly and proximately by the sole negligence of the defendant Mrs. Slate, and that the presence of the taxicab within the intersection "only furnished the condition" upon which the negligence of Mrs. Slate operated to cause the accident, the jury should return a verdict only against Mrs. Slate. The appellant maintains that the second paragraph "focused the attention of the jury" upon the negligence of Mrs. Slate. Under the facts of the case, we think that the instruction was proper. It presented a theory of the case on which the taxicab owner and driver were entitled to an instruction.

■ The appellant contends that the court erroneously permitted the jury to return an "instalment" verdict, and that the instructions were erroneous in requiring the jury to return separate verdicts as to each defendant. The instruction was as follows:

"The Court further instructs the jury that they may find for or against the plaintiff in this case as to all defendants or for the plaintiff against one or more of the defendants.

"But the jury should find separate verdicts in this case as to each defendant. And they may in their discretion find verdicts for different amounts against one or more or all of the defendants, or they may find for all of the defendants, being governed in all instances by the evidence and these instructions."

When the jury first returned into court, they brought in a verdict for the plaintiff against the defendant Mrs. Slate, with no mention of the other defendants. The judge stated that he would accept that verdict, but directed the jury to retire and find a verdict either for or against the defendants Wheat and the taxicab company. The jury then returned an additional verdict, in two paragraphs, finding for the latter two defendants.

While the instruction may have been technically improper in requiring the jury to find separate verdicts as to each defendant, there is nothing to indicate that the jury were misled or confused. Taking the instructions as a whole, the jury were informed adequately that they could find .

against all of the defendants or against one or more of them. It is obvious that the jury believed Mrs. Slate was solely responsible for the accident, and they were entitled to that belief under the evidence.

We are unable to see how any prejudice could have resulted from the manner in which the verdict was returned. The error in the original verdict was promptly and adequately corrected pursuant to directions of the court, according to recognized authority. See Louisville and Nashville Railway Co. v. Farney, 295 Ky. 8, 172 S.W.2d 656; Green v. May, 148 Ky. 783, 147 S.W. 428. Actually, the original verdict may have been sufficient, and not required correction, under the rule that a verdict against one defendant imports a finding in favor of a codefendant. Pittsburg, C., C. & L. Ry. Co. v. Darlington's Adm'x, 129 Ky. 266, 111 S.W. 360.

The appellant's final contention is that the court erred in refusing to admit evidence as to the speed of the taxicab at a point 223 feet east of the intersection, as it was approaching the bicycle from behind. We find in the record an attempt to show the speed of the *bicycle* at the point in question, but we do not find any offer of evidence as to the speed of the taxicab at that point. There was considerable testimony concerning the speed of the taxicab within and near the intersection, and the issue of speed was fully presented to the jury.

The judgment is affirmed.