Edward L. MACKEY, Administrator of the Estate of Karen Lynn Peach, Deceased, Appellant,

v.

Arthur MILLER, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1958.

Benjamin Mazin, Louisville, for appellant.

J. W. Clements, Louisville, for appellee.

WADDILL, Commissioner.

Karen Lynn Peach, a child about six years old, was struck and killed by an automobile driven by Arthur Miller. Suit was filed seeking damages for the infant's death on the theory that Miller's negligence caused the accident. This appeal is from a judgment entered upon a verdict in favor of Miller. For reversal, it is urged that the court erred: (1) In instructing the jury; and, (2) in commenting upon a photograph of Seventh Street which was filed as an exhibit.

The accident occurred in the City of Louisville, during the afternoon of November 14, 1955, shortly after Miller's car entered Seventh Street from Mix Avenue. Seventh Street has two driving lanes, one northbound and one southbound, with a parking lane on each side of the street adjacent to the curb.

Miller was traveling in the northbound traffic lane. There were no vehicles directly in front of him. The southbound lane was congested with traffic, and immediately prior to the accident, traffic occupying the southbound lane was not moving. While Miller's car was approaching the middle of the block, Karen Lynn Peach suddenly ran out from between the cars in the southbound traffic lane in front of Miller's automobile. The injuries she sustained when she was struck by Miller's car caused her death.

Appellant introduced three witnesses at the trial: Adolph Mahoney, a policeman who investigated the accident; Clarence Rhorer, a city bus operator who had seen the unfortunate event; and the appellee, Arthur Miller.

Mahoney testified that when he arrived at the scene of the accident, Miller's automobile was near the center of the street, and was about 42 feet north of the place

where the child's body was lying. He stated that he observed skid marks on the pavement measuring 37 feet which he traced to the Miller car. He further stated that Miller estimated he had been traveling from 20 to 25 miles an hour after entering upon Seventh Street.

Clarence Rhorer testified he saw Karen Lynn Peach leave the west curb, run into the street between cars occupying the southbound traffic lane, and then out into the northbound lane in front of Miller's automobile. In response to a question concerning what Miller did when the child ran into the northbound traffic lane, Rhorer said that Miller did not have time to do anything; that the accident happened before Miller applied his brakes.

According to appellee, he was driving in the northbound traffic lane, at a speed between 15 and 20 miles an hour, and was watching ahead. He stated that when the child suddenly ran in front of his car, he was about 5 feet away from her; he turned his car sharply to the right in an attempt to avoid her, but the left headlight of his car came in contact with her. He stated that he brought his automobile to a stop within the next 20 feet.

Miller's testimony was corroborated by Thelma Huffman and William John Ferree, who were passengers in Miller's car, and by pedestrians William Rohan O'Brien and Raymond M. Schroerlucke, who also saw the accident occur.

■■ Appellant failed to prove that appellee was guilty of negligence. A finding of negligence cannot be based upon mere conjecture or guesswork, and if the evidence is equally consistent with no negligence as it is with negligence, it is the duty of the court to direct a verdict for the defendant. Benton v. Parks' Administrator, Ky., 272 S.W.2d 466; McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427. As a consequence of the fact that appellee was entitled to a directed verdict, we need not determine the grounds for reversal.

Judgment affirmed.