**Phyllis Jean CAMBRON, etc., Appellant,**

v.

**Kenneth BARTLETT et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1960.

John B. Anderson, Anderson & Anderson, Owensboro, for appellant.

William L. Wilson, Joseph H. McKinley, Wilson & Wilson, William E. Rummage, Humphreys, Jones, Beard & Rummage, Owensboro, for appellees.

MONTGOMERY, Chief Justice.

Phyllis Jean Cambron, an infant, by this action sought to recover damages for injuries sustained in an auto accident. She sued Kenneth Bartlett, another infant, owner of the car; Ernest Bartlett, his father; and Ann Stiff, another infant, driver of the car. At the conclusion of the plaintiff's evidence, both plaintiff and defendants moved for peremptory instructions. The defendants' motion prevailed, and the jury was peremptorily instructed to find for them. Plaintiff appeals.

Kenneth Bartlett obtained an operator's license upon an application signed by his father. KRS 186.470 and 186.590. Appellant sought to affix liability on the Bartletts by virtue of KRS 186.590 but now concedes that Ernest Bartlett is not liable. It is unnecessary to decide whether Kenneth Bartlett, owner of the car, is liable under the statute.

On June 3, 1956, a Sunday, the teenagers of the community near Pleasant Ridge High School had gathered on and about the schoolyard to watch a baseball game. Kenneth had parked his 1953 Ford nearby. Appellant obtained the keys to the car from Kenneth and proceeded to drive the car up and down the nearby road. Later in the afternoon, Ann Stiff obtained permission from Kenneth for Phyllis and herself to

use the car. She entered the car as a passenger while Phyllis proceeded to drive.

After Phyllis had driven about three-fourths of a mile, Ann said, "Let me drive now," or "It is my turn." Phyllis "let her drive." According to Phyllis, Ann drove all right until she reached a point about two hundred feet from where the car was wrecked. Before reaching that point, she had been driving "40, 45, maybe 50" miles per hour, in Phyllis' judgment, when "apparently she (Ann) stepped on the gas and she hit." Appellant had been driving a car for two or three years before the accident, and testified that she was able to judge the speed of a car. Ann said she did not know what happened but guessed that she lost control of the car. The car failed to negotiate a curve, struck some concrete steps in front of a house, and was wrecked. Phyllis suffered severe injuries.

Phyllis was past fourteen years of age and Ann was past sixteen at the time of the accident. Neither had a driver's license or permit. Phyllis admitted that she knew that Ann had no license although she knew it was required. Phyllis had ridden in a car driven by Ann once or twice before.

Ann Stiff pleaded that Phyllis was guilty of contributory negligence and assumed the risk of riding with her. The Bartletts pleaded contributory negligence on the part of Phyllis. The right of an injured person to recover when she, with knowledge of a dangerous situation, voluntarily places herself in a position where she takes the chance of being hurt is the decisive point here. See Richards v. Richards, Ky., 324 S.W.2d 400, and Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, for discussion of assumption of risk and contributory negligence.

In Donnell v. Pruitt, Ky., 265 S.W.2d 784, reckless, inexperienced, and intoxicated drivers are grouped in the same category. The common thread connecting them is that recklessness, inexperience, and intoxication prevent the driver from exercising the ordinary care that is required in the operation of a motor vehicle. An auto operated by a driver under any of these disqualifications is more dangerous than the proverbial "cocked gun."

Phyllis knew that Ann was an unlicensed and inexperienced driver when she permitted her to drive. KRS 186.620(1) provides that no person shall authorize or knowingly permit a motor vehicle controlled by that person to be driven by any person who has no legal right to drive it. Phyllis said that Ann stepped on the gas and accelerated the car. Ann said that she stepped on the brakes and skidded sideways. No apparent cause is shown for the accident except Ann's inexperience. Testimony of each shows that the accident resulted from Ann's inexperience in driving. Phyllis was guilty of negligence under common law standards and also by reason of statutory violation, which negligence contributed to the bringing about of her injuries, thus barring her recovery of damages. Cosby v. Younger, Ky., 311 S.W.2d 389; Burbin's Adm'r v. Nally, Ballard & Saltsman, Inc., Ky., 263 S.W.2d 102; Kavanaugh v. Myers' Adm'x, Ky., 246 S.W.2d 451; Ford v. McQueary, Ky., 239 S.W.2d 486.

Judgment affirmed.