**Carl CASSIDY et al., Appellants,**

**v.**

**Beatrice QUISENBERRY, Administratrix of Sandra Quisenberry, Appellee.**

Court of Appeals of Kentucky.

May 5, 1961.

Stoll, Keenon & Park, Lexington, J. Smith Hays, Winchester, for appellants.

R. R. Craft, Winchester, for appellee.

CLAY, Commissioner.

Sandra Quisenberry, a seventeen year old girl, was killed when the automobile in which she was riding as a passenger ran off the highway. A jury awarded her administratrix $5,000, plus funeral expenses, against the driver and the owner of the car. The latter appeal on the sole ground they were entitled to a directed verdict because

Sandra either assumed the risk or was guilty of contributory negligence as a matter of law. Her administratrix cross-appeals on the ground of inadequacy of the award.

Sandra was riding on the back seat with two other teenage girls. Up front were three teenage boys. The party was looking for thrills and one or more of the girls suggested driving on a road near Winchester which is described as "the roller coaster road." (This is a paved highway.) By speeding over it in an automobile one experiences the sensation found on a roller coaster. The driver, a seventeen year old boy, was not familiar with this road but was directed to it. One of the girls, possibly Sandra, suggested that maximum enjoyment would be realized if the car was driven at least 60 miles an hour. It was moving at approximately this speed when the accident occurred.

The project undertaken for thrills ended in disaster when the driver lost control going over one of the "bumps" and ran off the road. Clearly he was negligent. Apparently one of the boys protested about the speed but the girls enjoyed the ride. It is not clear whether or not Sandra was familiar with the road. However, her family did not own an automobile and she was not a qualified driver.

■ Appellants contend Sandra either assumed the risk or was guilty of contributory negligence as a matter of law. In Richards v. Richards, Ky., 324 S.W.2d 400, we stated that there is a distinction between the two doctrines in that assumption of risk has an affirmative aspect of accepting a challenge, whereas contributory negligence has the negative aspect of failing to do something to avoid the danger. However, in a situation such as the one before us the significant considerations are substantially the same. See Porter v. Cornett, 306 Ky. 25, 206 S.W.2d 83, 84, 85. In that case we pointed out that the basic factor is "knowledge of a dangerous situation."

■ Verdicts have been directed against injured plaintiffs riding with a driver known to lack experience in the operation of a modern automobile (Richards v. Richards, Ky., 324 S.W.2d 400; Cambron v. Bartlett, Ky., 333 S.W.2d 764), or known to be intoxicated (Archer v. Bourne, 222 Ky. 268, 300 S.W. 604; Kavanaugh v. Myer's Adm'x, Ky., 246 S.W.2d 451), or known to be participating in a "drag race" (Bugh v. Webb, Ark., 328 S.W.2d 379). Even teenagers should be held to appreciate these risks. The possible danger in the present case was not so obvious.

■ Certainly Sandra must be held to have appreciated the risk of being thrown about in the automobile as it negotiated the wave-like elevations in the roadway, and had she been injured by striking her head on the roof of the car, recovery would probably have been denied. However, as far as she knew, the driver was experienced and had sufficient intelligence to maintain control of the automobile. Her age, inexperience, and position in the car are factors bearing upon her appreciation of the danger of its being driven off the road. Reasonable minds could differ as to whether or not she realized the peril to which she was exposed. We cannot say as a matter of law she should have been cognizant of this danger and consequently we cannot declare as a matter of law that she either assumed the risk or was contributorily negligent. Appellants were not entitled to a directed verdict.

■ Appellee cross-appeals on the principal ground that the damages were inadequate. She raises questions about the instructions on the issue of liability, but since the verdict was in her favor, any error therein could not have been prejudicial.

■■ We have no fixed rule by which to measure the proper amount of damages a jury should allow in a death case. Cuniffe's Ex'x v. Johnson, 279 Ky. 663, 132 S.W.2d 47. It is a matter which must be left

largely to its discretion. Tinsley's Adm'r v. Slate, Ky., 251 S.W.2d 883. Only if the amount strikes us at first blush as being the result of passion and prejudice on the part of the jury will we disturb it. Wilkins v. Hopkins, 278 Ky. 280, 128 S.W.2d 772. The sum of $5,000 is a substantial award. In Willingham v. Stevens, 312 Ky. 124, 226 S.W.2d 770, we upheld a verdict of only $1,250 for the death of a child. There is nothing to indicate that passion and prejudice impelled the jury to make this award rather than a larger amount.

The judgment is affirmed on the appeal and the cross-appeal.