**Dr. L. C. LEGER, Appellant,**

**v.**

**Raleigh WATKINS, Adm'r of Estate of Juanita Watkins, Deceased, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

Earl R. Cooper, Salyersville, for appellant.

Cordell H. Martin, Hindman, Arnett Mann, Salyersville, for appellee.

DAVIS, Commissioner.

An automobile operated by appellant collided with and killed Juanita Watkins, age ten years. The appellee, as administrator of her estate, obtained verdict and judgment for her wrongful death for $25,000. The appellant seeks reversal asserting that: (1) The court should have sustained his motion for a directed verdict; (2) a continuance was improperly denied; (3) an instruction was erroneous; (4) misconduct of the jury warranted a new trial; and (5) the verdict is excessive.

The accident occurred on May 13 at about 3 p. m. as Dr. Leger was driving eastwardly toward Prestonsburg on an extension of the Mountain Parkway. The weather was rainy. Juanita, the decedent, in company with two older sisters, was walking eastwardly along the north (left as they and Dr. Leger traveled) of the highway. As the three girls proceeded, they were hailed from across the road by Mrs. Lula Poe, a neighbor. Juanita undertook to cross the road to find out what Mrs. Poe wanted. Dr. Leger's car (a station wagon) struck the child just as decedent reached the gravel near the ditch on the south side of the roadway (Dr. Leger's extreme right side of the highway).

The version of the accident as related by Dr. Leger and his wife, who was riding with him, varies somewhat from the account recounted by Juanita's two older sisters. In summary, Dr. Leger's account of the events was:

Dr. Leger was proceeding at about 45 miles per hour in to a straight stretch of road when he observed the three young girls on the left shoulder of the road some 100 yards east of his vehicle. Dr. Leger observed a vehicle approaching from the east, meeting him. He regarded the oncoming car as proceeding too fast; hence, he began to "coast," so as to cope with any emergency which might arise by reason of the approaching car. His view of the three girls was obscured by the westbound car, but just as that vehicle passed the girls Dr. Leger saw Juanita in the center of the highway. He estimated that he was within 75 to 85 feet of Juanita when he first observed her in the center of the road. He then applied his brakes and cut his wheels to the right. Juanita turned to her left and ran a few paces eastwardly, then turned to her right, and "leaped in front of me," Dr. Leger said.

After the accident, Juanita's body and the car were in the ditch on the south side of the road. A photograph of the front of Dr. Leger's car reflects that the force of the impact was upon the left front of the grill and left headlight. Dr. Leger could not recall whether he had blown his horn at any time before the accident. A state trooper examined the site and reported skid marks attributable to Dr. Leger's car: 28 feet of such marks were on the blacktop, or main travel portion of the road, and 128 feet of

such marks were visible "through the gravel" along the shoulder and ditch line.

The account of the accident as told by Juanita's two sisters has two material variances from that given by Dr. Leger; namely, there was no other car meeting Dr. Leger just before the accident, and Juanita was completely off the blacktop of the road when she was struck. It should be observed that witnesses for Dr. Leger, who were in a car behind Dr. Leger's car, told of meeting a car coming from the east, but at a point somewhat farther from the scene of the accident than indicated by Dr. Leger's own testimony.

Appellant advances three bases for his contention that a directed verdict should have been given: (1) There was no evidence of probative value reflecting any negligence on his part; (2) the evidence of the two sisters should be disregarded, because it is completely at variance with the physical facts; and (3) the decedent was guilty of contributory negligence as a matter of law.

■ These propositions are so interrelated as to permit treatment of them together. It may be conceded that so much of the testimony of the two sisters as related to their having looked and not seen Dr. Leger's approaching car is contrary to the physical facts. But this is not to say that their evidence was incredible as to the presence of a car meeting Dr. Leger. Neither does such circumstance destroy the probative value of their testimony that Juanita had completely crossed the road before she was struck. Couch v. Holland, Ky., 385 S.W.2d 204, relied on by appellant, does not support the contention that the testimony of the two sisters must be disregarded in toto.

Since we hold that the testimony of the two sisters possessed probative value, it follows that the jury could reasonably infer that Juanita walked across the entire width of the two-lane highway within the clear view of Dr. Leger, who admittedly saw her some 100 yards away. The sisters testified that no horn was blown and that Juanita was off the road when she was struck. It was within the province of the jury to evaluate the evidence; it was not bound to accept Dr. Leger's version in face of the contrariety in the testimony. Ford & Son Paving Contractors, Inc. v. Proffitt, Ky., 414 S.W.2d 406.

■ It may well be that Juanita was guilty of contributory negligence as a matter of law, a question we need not and do not decide. The trial court instructed on contributory negligence and gave the qualifying instruction permitting recovery under the theory of "last clear chance" despite decedent's contributory negligence. Appellant's only request of the trial court was for a directed verdict—there was no objection to the last clear chance instruction. Appellant was not entitled to a directed verdict, since appellee was entitled to have the case go to the jury on last clear chance even if it could have been said that decedent was contributorily negligent as a matter of law. Mullins v. Bullens, Ky., 383 S.W.2d 130. Appellant does not contend that the court erred in giving an instruction on contributory negligence and last clear chance.

Appellant has cited Mackey v. Miller, Ky., 310 S.W.2d 44 (child darted from concealed position five feet in front of car); F. H. Sammons Coal Company v. Stamper, Ky., 356 S.W.2d 35 (defendant swerved to avoid group of children twenty-five feet ahead and struck another child); and numerous others presenting sudden confrontations. We do not regard those decisions as applicable to the facts presented in this case, since the jury could well believe that the driver saw the child in ample time to avoid colliding with her with the means at hand.

Without undertaking an analysis of our many recent cases, we observe that the present case clearly is one for a last clear chance instruction within the authority of Meredith v. Crumpton, Ky., 434 S.W.2d 648; Nixon v. Morris, Ky., 433 S.W.2d 364; Cassinelli v. Begley, Ky., 433 S.W.2d 651; Marshall

v. Merrifield, Ky., 431 S.W.2d 870; Payne v. Zapp, Ky., 431 S.W.2d 890; French v. Mozzali, Ky., 433 S.W.2d 122; Shea v. Bruner, Ky., 426 S.W.2d 482; Fenwick v. Daugherty, Ky., 418 S.W.2d 243; and Frank v. Silvers, Ky., 414 S.W.2d 887.

■ Appellant moved for a continuance on account of an absent witness. The trial court denied the motion, but permitted appellant to read an affidavit of what the witness would have testified. The court admonished the jury to accord the affidavit the same weight and credence as if the witness were present and so testifying. It is doubtful that appellant had shown diligence in the matter of securing attendance of the witness, but considering that he had, we find no error in the court's ruling. CR 43.03 specifically provides that no trial shall be postponed because of the absence of a witness if the opposing party consents to a reading to the jury of the affidavit as the deposition of the absent witness. Here the appellee did not *consent*, but the court permitted the reading of the affidavit anyway and gave an appropriate admonition as to its effect. Moreover, the evidence from the witness was merely cumulative of other evidence offered by Dr. Leger, his wife, and two other witnesses who did testify in person.

■ Appellant insists that it was error for the court to instruct on a duty to sound his horn, citing Emerine v. Ford, Ky., 254 S.W.2d 938; Pearce v. Rawlings, Ky., 373 S.W.2d 426; and Gish v. Scott, Ky., 345 S.W.2d 490. It may be that those cases would be apposite if the only inference supported by the evidence was that adduced by Dr. Leger. On the other hand, the jury might well have concluded that the sounding of the horn when the girls

were first observed—or certainly when Juanita started across—(assuming that Dr. Leger could and should have had her in view for some 100 yards) may well have forestalled the tragedy. It was proper to include the horn-sounding duty in the instructions.

■ Appellant avers that during the jury's deliberations about the case "the question of the defendant having insurance was discussed by the jury." This quoted statement appeared in an affidavit by two jurors after the verdict. Even if such an impeachment of the verdict were permissible, which it is not, there is no presentation of any misconduct of jurors as would warrant reversal. Gregorich v. Jones, Ky., 386 S.W.2d 955.

■ Finally, it is urged that the verdict is excessive. Juanita was ten years old and in apparent good health. She was an A–B student. A photograph of her depicts an attractive girl of pleasing countenance. Her life expectancy was more than sixty years. Appellant cites Tinsley's Adm'r v. Slate, Ky., 251 S.W.2d 883 (1952), and Cassidy v. Quisenberry's Adm'x, Ky., 346 S.W.2d 304 (1961), in which verdicts of $10,000 and $5,000, respectively, were not deemed inadequate. These cases do not support the view that larger verdicts in them would have been regarded as excessive.

It is said at 14 A.L.R.2d 516: "A sufficient case [for an award of substantial damages for wrongful death of an infant] is established by showing the child's age, sex, physical and mental condition * * *." We consider that an adequate showing was made to support the verdict. McCallum v. Harris, Ky., 379 S.W.2d 438.

The judgment is affirmed.

All concur.